The Honorable Mark Riable State Representative 16611 Burlingame Road Little Rock, Arkansas 72211
Dear Representative Riable:
This is in response to your request for an opinion on whether, in the event Senate Joint Resolution 9 is passed by the House and the Senate, the Governor has authority to veto it.
It is my opinion that the answer to your question is "no."
Senate Joint Resolution 9 proposes a constitutional amendment to establish a procedure for recalling elected officials, and establishes term limits for the United States Senators and Representatives from Arkansas. This resolution has been proposed pursuant to the authority of Arkansas Constitution, art. 19, §22, which grants the legislature the authority to propose no more than three constitutional amendments to the electorate at each session, and A.C.A. § 7-9-201, which states that such proposals shall be accomplished by joint resolution.
In my opinion the case of Mitchell v. Hopper, 153 Ark. 515,241 S.W. 10 (1922) is controlling with regard to your question. In this case, the Arkansas Supreme Court construed Arkansas Constitution, art. 19, § 22, and art. 6, §§ 15 and 16, and held that the Governor has no authority to veto a concurrent resolution of the legislature proposing a constitutional amendment to the electorate. Although the Governor is given the authority at art. 6, § 16 to approve concurrent resolutions, the court held that this section did not control with respect to concurrent resolutions proposing constitutional amendments under the authority of art. 19, § 22. The court noted that these provisions of our constitution are borrowed from the federal constitution, and that federal cases construing that constitution hold that the President has no authority to veto resolutions proposing constitutional amendments. The court therefore held that: "[i]t would be entirely superfluous to have the Governor to act in approving proposals for constitutional amendments. His action in so doing could not be anything more than a mere recommendation to the electors. . . ." 153 Ark. at 528. Seealso, Coulter v. Dodge, 197 Ark. 812, 125 S.W.2d 115 (1939).
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh